IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CLINTON STRANGE,

Plaintiff

v.

PUBLIC REPUTATION MANAGEMENT SERVICES, LLC;

a Florida Domestic Limited Liability Company

ELEV8TE LLC;

a Delaware Domestic Limited Liability Company

JOHN DOE No.1;

the Enduser of Interconnected VoIP services associated with

the Telephone Number 318-225-9304

&

BENZION ABOUD a/k/a BENSION ABOUD,

in the role as an Officer and Manager of Elev8te LLC

Defendants

FILED BY PCS D.C.

JUL 17 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

CIVIL ACTION:

COMPLAINT FOR WILLFUL AND KNOWING VIOLATIONS OF

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

47 U.S. Code § 227 et seq.

&

THE LOUISIANA TELEPHONE SOLICITATION RELIEF ACT OF 2001

LOUISIANA REVISED STATUTE 45: §844 et seq.

**Jury Trial Demanded**

## SECTION I:
## PRELIMINARY STATEMENT

1. This is an action brought in good faith by an adult individual against Defendant PUBLIC REPUTATION MANAGEMENT SERVICES, LLC a Florida Domestic Limited Liability Company; ELEV8TE LLC a Delaware Domestic Limited Liability Company; JOHN DOE No.1 (whose true identity is unknown to the Plaintiff at this time) who is the Enduser of Interconnected VoIP services associated with the Telephone Number 318-225-9304; and BENZION ABOUD a/k/a BENSION ABOUD in the role as an Officer and Manager of Elev8te LLC, herein and collectively ("DEFENDANTS") for willful and knowing violations of parts of the:

Telephone Consumer Protection Act of 1991:

47 U.S. Code § 227(b)(1)(A)(iii)

&

THE LOUISIANA TELEPHONE SOLICITATION RELIEF ACT OF 2001
LOUISIANA REVISED STATUTE 45: §844 et seq.

The Plaintiff brings this private civil action to enforce the provisions of these laws in his own response, as a responsible citizen of both the State of Louisiana and the United States of America, to the overwhelming wide-spread public outrage about the proliferation of intrusive, disturbing, and absolutely annoying, nuisance telemarketing practices. See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). The Plaintiff is seeking a maximum award for damages, and an enjoinder from further violations of the parts herein.

## SECTION II:
## JURISDICTION & VENUE

2. **Jurisdiction** arises in this U.S. District Court because the action brought involves Federal Question Jurisdiction pursuant to 28 U.S. Code § 1331

3. **Supplemental Jurisdiction** applies to this case as the matter involving Federal Question Jurisdiction also relates to the Plaintiff's State Law Claims pursuant to 28 U.S. Code § 1367

4. **Venue** lies properly in this U.S. District Court because the Defendants can be found here and the substantial portion of the actionable conduct as alleged by the Plaintiff began or occurred within this U.S. Judicial District pursuant to 28 U.S. Code § 1391

## SECTION III:
## THE PARTIES

5. **Plaintiff** CLINTON STRANGE is an adult individual residing at the address of:

   CLINTON STRANGE

   7021 WINBURN DRIVE

   GREENWOOD, LA 71033

6. **Defendant** PUBLIC REPUTATION MANAGEMENT SERVICES, LLC is a Florida Domestic Limited Liability Company principally located at:

   4910 COMMUNICATION AVENUE

   SUITE 200

   BOCA RATON, FL 33431

   &

   Whose Registered Agent is listed as:

DAPHNE FERNANDEZ

4910 COMMUNICATION AVENUE

SUITE 200

BOCA RATON, FL 33431

7. **Defendant** ELEV8TE LLC is a Delaware Domestic Limited Liability Company whose principal place of business is listed as:

ELEV8TE LLC

4910 COMMUNICATION AVENUE

SUITE 200

BOCA RATON, FL 33431

&

Whose Registered Agent is listed as:

CORPORATE CREATIONS NETWORK INC.

3411 SILVERSIDE ROAD

TATNALL BUILDING

SUITE 104

WILMINGTON, DE 19810

8. **Defendant** JOHN DOE No.1 is the Enduser of Interconnected VoIP services associated with the Telephone Number 318-225-9304. Plaintiff alleges that this Defendant operates an illegal Automatic Telephone Dialer System Technology that places thousands of robocalls daily on behalf of its various clients that also utilizes a pre-recorded voice and interactive platform to accept or reject consumer input (i.e. Press one to be connected… Or press 9 to be placed on the Do-Not-Call-List) The true identity of the Defendant is

unknown to the Plaintiff at this time but can be discovered though subpoenas during the Discovery Phase of the Litigation Process. On information and belief, the Plaintiff alleges that this Defendant is a Hired Agent that is a "Lead Generator" who places calls on behalf of the other named Defendants in order to direct inbound calls to the named Defendants direct employees. Preliminary Data suggests that the Interconnected VoIP service telecommunications provider that leases or who has had this number ported to their system is Blue Licenses Holding, LLC of Homer, Louisiana.

9. **Defendant** BENZION ABOUD a/k/a BENSION ABOUD is named individually in the role as an Officer and Manager of Elev8te LLC. On information and belief this individual is principally domiciled at the address of:

BENSION ABOUD

1830 NORTH WEST 42ND DRIVE

BOCA RATON, FL 33431

## SECTION IV:
## FACTUAL ALLEGATIONS

10. The Telephone Consumer Protection Act of 1991 "TCPA" states in part under subsection b:

(b) Restrictions on use of automated telephone equipment(1) Prohibitions: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

11. The Telephone Consumer Protection Act of 1991 states in part under subsection c:

(5) Private right of action: A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

12. The Plaintiff annoyed and aggravated by unwanted robocalls registered his cellular telephone number on the United States Federal Trade Commission's Do-Not-Call Registry on January 3,2018, and later Registered his cellular telephone number on the State of Louisiana Public Service Commission's Do-Not-Call Registry on August 2,2018 [See Exhibit A].

13. The Plaintiff knows that the illegal robocalls calls made to the Plaintiff's cellular telephone was "transmitted" using technology capable of generating thousands of similar calls per day. The calls were generated from what is called an Automatic Telephone Dialing System, or "ATDS".

14. Plaintiff is the sole user of the cellular telephone number 318-423-5057 and is the only person responsible for paying on the Verizon wireless account. The Plaintiff has personally been paying on the account in his name since about July,2016. The Plaintiff alleges that he incurs charges for calls as that issue has been defined by other U.S. District Courts.

15. Defendants named in this action has never had the Plaintiff's prior express written consent to call the Plaintiff either via Live-Voice calls, or via calls placed via or utilizing an ATDS or pre-recorded voice to solicit goods or services.

16. The Defendants have no prior Established Business Relationship with the Plaintiff.

17. The calls placed to Plaintiff's cellular telephone were not made for an emergency purpose. They were all made to promote the Defendants' goods and services (Alexa Voice- Business Listings), and constituted telemarketing.

18. Technical and procedural standards specific to automated calls are included in § 227(d) and accompanying regulation 47 C.F.R. § 64.1200(b), which do not provide a private right of action or a statutory-damages provision. They can be however alleged as to the conduct of a Defendant in establishing a pattern of violative behavior worthy of treble damages.

19. Recovery of damages for the two separate provisions does not upset Congress's balance in setting damages "'fair to both the consumer and the telemarketer.'" See *GVN Mich.*, 561 F.3d at 632 n.8 (quoting 137 Cong. Rec. S16,204, S16,205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings)).

20. On July 11, 2019 at 12:08pm CST the Plaintiff answered a call on his wireless cellphone number 318-423-5057. The number that displayed on the caller ID was 318-225-9304. The Pre-recorded voice played a message indicating that the call was in regard to an Alexa Voice Business Listing. After 20 seconds the Plaintiff disconnected the call [See Exhibit B].

21. The calls made to Plaintiff's cellular telephone mostly or always concealed the geographic location from which the calls originated violated disparate parts of the Truth In Caller ID Act as amended to the Telephone Consumer Protection Act.

22. The Plaintiff was the "called party" in the targeted campaign of illegal robocalls placed to Plaintiff's cellular telephone number by the Defendant's agent.

23. Plaintiff does not like to receive unwanted commercially solicitous phone calls on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete plaintiff's memory storage capacity, deplete Plaintiff's battery level on his cellphone (amounting to a conversion Tort under Louisiana State Laws), and require him to use a measurable amount of both mental and physical energy to walk to his phone and answer the calls. Plaintiff alleges that he has Article III standing as a result of Defendant's agents alleged conduct.

24. Plaintiff has no need of Defendants' goods and or services.

25. Defendants' will be able to provide unprivileged email communications with the Lead Generations Company regarding the complaints encountered at various times before during and after the marketing campaign that proved they knew about the violative activities of the agency that they engaged.

26. Defendants were and have been liable to the Plaintiff for damages under the Telephone Consumer Protection Act. The Court should calculate and appropriately award Plaintiff both pre and post judgement interest on the judgement awarded by the Court from the date that the Court determines the Defendants were first liable to the Plaintiff for damages.

27. At all times pertinent hereto Defendants were acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

29. On July 10, 2019 Sitting Governor of the State of Louisiana John Bel Edwards Declared a Statewide Emergency [See Exhibit C].

30. This Emergency Declaration Prohibited all Telemarketing activity in the State pursuant to LA Revised Statute 45: §844.31(A). The referenced statute provides that "Telemarketing activities; prohibitions; exceptions

    A. During a state of emergency as declared by the governor, "no telephonic solicitor shall engage in telephonic solicitation…".

31. The Civil penalty for violations of the statute as referenced in the foregoing paragraph is outlined in Louisiana Revised Statute 45: §844.33(A). Violations; penalties

    A. The commission shall investigate any complaint received concerning violations of this Chapter. If, after investigating such complaint, the commission finds there has been a violation of this Chapter, the commission, after notice and hearing, shall impose an administrative penalty against the telephonic solicitor not to exceed one thousand five hundred dollars for each violation.

    32. Defendant Benzio Aboud a/k/a Bensio Aboud is liable for his role as the Officer and Manager of Elev8te LLC which is the MGR ( Officer of Defendant Public Reputation Management Services, LLC) because this individual is responsible for oversight in the Limited Liability Company/s activities.

    33. *Larry v. Doctors Answers, LLC,* Case No. -cv-12-S-3510-NE, 2013 WL 987879 (N.D. Ala. March 8, 2013) refers to a TCPA fax case in a lower Court ruling within the 11th U.S. Circuit (of which the Southern District of Florida is a part) rejecting Defendants' argument that they could not be personally liable for alleged wrong doing of the company, the court noted "'[t]he fact that the persons . . . acting [in violation of federal law] are acting for a corporation also, of course, may make the corporation liable under the doctrine of *respondeat superior.* It does not relieve the

individuals of their responsibility,'" adding that "an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers.'" .

34. All Defendants in this action are liable for their various roles and conduct actions and omissions in regard to illegal robocalling the Plaintiff herein.

## SECTION V:
## THE COUNTS / CAUSES OF ACTION
### THE COUNTS:
### COUNT I:
**(Plaintiff v. Defendant)**
### WILLFULL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
### 47 U.S. Code § 227(b)(1)(A)(iii)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times pertinent hereto the Defendant was liable to the Plaintiff for violations of:

The Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(a)

**Which makes Defendant liable to Plaintiff for at least 1 violation as evidenced in the complaint and Plaintiff seeks between $500 and $1,500 in damages for said violation at the discretion of the court.**

## SECTION VI:

## PRAYER FOR RELIEF

**Jury Trial Demand;**

Plaintiff demands trial by jury on all issues so triable.

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Treble Damages;
Stacked Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X *[signature]*     7-15-2019

Clinton Strange
Pro Se                               Dated
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com

